Michelle S. Feldman, Esq. (MF-3029)
LAMB & BARNOSKY, LLP
534 Broadhollow Road
Melville, New York 11747
Telephone: (631)694-2300
Facsimile: (631)694-2309

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
ENCORE CREDIT CORP. d/b/a ECC ENCORE CREDIT,

            Plaintiff,

-against-

JOSEPH LAMATTINA, LAMATTINA & ASSOCIATES,
INC., JOSEPH W. LAFORTE, JAMES LAFORTE, JR.,
TINA LAFORTE, JAMES LAFORTE, TARA GIBSON,
JAIME LYNN GULI, FRANCIS ALFIERI and
MICHAEL O'LEARY,

            Defendants.
-------------------------------------------------------------------- X

CV-05 5442

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

NOV 18 2005

*BROOKLYN OFFICE*

MATSUMOTO, SIFTON, J.
M.J.

**COMPLAINT**
(Jury Trial Demanded)

Plaintiff, ENCORE CREDIT CORP. d/b/a ECC ENCORE CREDIT ("Plaintiff" or "Encore"), by its attorneys, Lamb & Barnosky, LLP, as and for its complaint against the defendants, alleges as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises out of an apparent fraud scheme and defendants' wrongful actions as the closing attorney for Encore, a mortgage lender, in three residential real estate mortgage transactions. As the closing attorney, defendants JOSEPH LAMATTINA and LAMATTINA & ASSOCIATES, INC. received and escrowed funds belonging to Encore pending completion of the mortgage transactions. Upon information and belief, rather than applying the funds to the transactions, defendants used the funds for their own benefit.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) in that the amount in controversy is in excess of $75,000, exclusive of interest and costs, and pursuant to 28 U.S.C. §1332(c) because there is diversity between the parties.

3.     Venue is proper pursuant to 28 U.S.C. §1391(a).

## THE PARTIES

4.     Encore is a California corporation registered to do business in the State of New York, with its principal place of business at 1833 Alton Parkway, Irvine, CA 02606.

5.     Upon information and belief, defendant JOSEPH LAMATTINA ("LaMattina") is an attorney licensed to practice law in the State of New York, resides at 81 Allison Avenue, Staten Island, New York and is a shareholder, officer or director of defendant LaMattina & Associates, Inc. or is otherwise affiliated with LaMattina & Associates, Inc.

6.     Upon information and belief, defendant LAMATTINA & ASSOCIATES, INC. ("L&A") is a law firm and a corporation organized and existing under the laws of the State of New York, with its principal place of business at 220 Old Country Road, Mineola, New York and also maintaining offices at 2071 Clove Road, Suite 206, Staten Island, New York 10304 and 88 New Dorp Plaza, Suite 304, Staten Island, New York.

7.     Upon information and belief, defendant JOSEPH W. LAFORTE, is an individual residing at 15 Galveston Loop, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

8.     Upon information and belief, defendant JAMES LAFORTE, JR. is an individual residing at 65 Tuckahoe, Avenue, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

9. Upon information and belief, defendant TINA LAFORTE is an individual residing at 69 Darnell Lane, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

10. Upon information and belief, defendant JAMES LAFORTE is an individual residing at 69 Locust Avenue, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

11. Upon information and belief, defendant TARA GIBSON is an individual residing at 11 Frank Court, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

12. Upon information and belief, defendant JAIME LYNN GULI is an individual residing at 15A Galveston Loop, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

13. Upon information and belief, defendant FRANCIS ALFIERI is an individual residing at 18 Hillis Street, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

14. Upon information and belief, defendant MICHAEL O'LEARY is an individual residing at 120 Poillon Avenue, Staten Island, New York, and at all relevant times was a shareholder, officer, employee or agent of L&A.

## FACTS

15. Encore is a licensed mortgage banker which provides loans that are secured by real property.

16. A significant source of Encore's business comes from mortgage brokers who submit loan applications to Encore on behalf of potential borrowers.

17. If a loan application is approved by Encore, a loan closing is then scheduled whereby the loan documents, mortgage and other necessary documents are executed and the funds are disbursed in accordance with the closing instructions issued by Encore to the closing attorney. Typically, funds are disbursed to satisfy existing mortgages and/or other obligations of the borrower.

18. Due to the volume of loans closing and the expansive territory where loans are made and can occur, Encore retains outside counsel to represent Encore's interests at the closings.

19. The closing attorney is provided with closing instructions which, among other things, identifies the documents to be signed at closing and directs how the settlement funds are to be disbursed.

20. Upon the confirmation of a closing and the scheduled date of disbursement of the settlement funds, Encore's warehouse lender (on Encore's behalf) wire transfers to the closing attorney's trust account, the monies necessary to effectuate a closing.

21. In or about July and August, 2005, Encore approved the loan applications of three (3) potential borrowers and engaged defendants LAMATTINA and L&A to act as its closing attorney. The potential borrowers were: (1) Attilio Guarino ("Guarino"), (2) Raul Ivan Guazhambo ("Guazhambo"), and (3) Wayne Smalls ("Smalls") (collectively the "Borrowers" and individually the "Borrower").

22. After the approval of each of the Borrowers' loan applications, loan closings were scheduled for each of the Borrowers and defendants LaMattina and L&A were engaged to represent Encore at the closings.

23. At all relevant times, defendants LaMattina and/or L&A maintained a settlement trust account titled "LaMattina & Associates, Inc, Joseph LaMattina Settlement Trust Account", number 004-002648 (the "Settlement Trust Account") which was maintained at Victory State Bank, Staten Island, New York and the monies necessary to fund and close the loans were wire transferred into the Settlement Trust Account.

24. The aggregate of the monies that were wired to the Settlement Trust Account in connection with the Borrowers' loans totals $1,086,027.94.

25. To the extent that all or a portion of the loan proceeds for each of the loans (the "Funds") were not disbursed as set forth in the closing instructions, the location of such monies are unknown to plaintiff.

The Guarino Loan

26. Guarino was approved for a loan in the principal sum of $266,000 and the closing was held on or about July 7, 2005.

27. Pursuant to the closing instructions, the loan proceeds were to be disbursed by LaMattina and/or L&A to satisfy the existing lender's mortgage and certain consumer debt of the Borrower, to provide cash to the Borrower and to pay various closing costs.

28. In connection with the Guarino closing, on July 14, 2005 the sum of $269,683.60 was wire transferred into Settlement Trust Account, to be disbursed on behalf of Encore, or to or on behalf of the Borrower.

29. Subsequent to the Guarino closing, Encore learned that all or a portion of the loan proceeds that were to be used to pay off the existing lender's mortgage and the Borrower's consumer debt, to pay cash to the Borrower and to pay for various closing expenses, were not used for these purposes, and all or some of such payments were not made.

30. To date, some or all of the aforesaid payments have not been made by LaMattina and/or L&A and the Funds have not been repaid to Encore and Encore will incur additional costs thereby.

The Guazhambo Loan

31. Guazhambo was approved for a loan in the principal sum of $428,000 and the closing was held on or about July 29, 2005.

32. Pursuant to the closing instructions, the loan proceeds were to be disbursed by LaMattina and/or L&A to satisfy the existing lender's mortgage and certain consumer debt of the Borrower, to provide cash to the Borrower and to pay various closing costs.

33. In connection with the Guazhambo closing, on July 29, 2005 the sum of $429,782.25 was wire transferred into the Settlement Trust Account, to be disbursed on behalf of Encore, or to or on behalf of the Borrower.

34. Subsequent to the Guazhambo closing Encore learned that all or a portion of the loan proceeds that were to be used to pay off the existing lender's mortgage and the Borrower's consumer debt, to pay cash to the Borrower and to pay for various closing expenses, were not used for these purposes, and all or some of such payments were not made.

35. To date, some or all of the aforesaid payments have not been made by LaMattina and/or L&A and the Funds have not been repaid to Encore and Encore has or will incur additional costs thereby.

The Smalls Loan

36. Smalls was approved for a loan in the principal sum of $382,500 and the closing was held on or about August 1, 2005.

6

37. Pursuant to the closing instructions, the loan proceeds were to be disbursed by LaMattina and/or L&A to satisfy the existing lender's mortgage and certain consumer debt of the Borrower, to provide cash to the Borrower and to pay various closing costs.

38. In connection with the Smalls closing, on August 3, 2005 the sum of $386,562.09 was wire transferred into the Settlement Trust Account, to be disbursed on behalf of Encore, or to or on behalf of the Borrower.

39. Subsequent to the Smalls closing, Encore learned that all or a portion of the loan proceeds that were to be used to pay off the existing lender's mortgage and the Borrower's consumer debt, to pay cash to the Borrower and to pay for various closing expenses, were not used for these purposes, and all or some of such payments were not made.

40. To date, some or all of the aforesaid payments have not been made by LaMattina and/or L&A and the Funds have not been repaid to Encore and Encore has or will incur additional costs thereby.

## FIRST CLAIM FOR RELIEF
(Conversion)

41. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

42. The Funds wired to the Settlement Trust Account were monies intended for the sole benefit of the Borrowers and/or Encore.

43. From the time of the deposit into the Settlement Trust Account, until disbursement to the Borrowers or on the Borrowers' behalf, Encore had an immediate and superior right to the Funds over all other persons.

44. Upon information and belief, at all relevant times, each of the defendants knew that they had no personal claim, right, title or interest in the Funds.

45. Upon information and belief, the defendants improperly and unlawfully exercised improper and unauthorized dominion and control over all or a portion of the Funds, to the exclusion of Encore's rights and the rights of the Borrowers thereto.

46. Upon information and belief, the defendants have converted the Funds for their own use and benefit and to the exclusion of the rights and interests of Encore and the Borrowers in the Funds.

47. As a result of the defendant's conversion of the Funds, Encore has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

48. Due to the deliberate, willful, malicious and extreme and/or outrageous conduct of the defendants, Encore is entitled to an award of punitive damages in an amount to be determined at trial, but in any event no less than $1,000,000.

## SECOND CLAIM FOR RELIEF
(Unjust Enrichment)

49. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

50. The Funds were the property of Encore from the time that they were wired into the Settlement Trust Account until such time as they were released pursuant to the closing instructions.

51. Upon information and belief the defendants have taken possession and control of the Funds.

52. Upon information and belief the defendants have been unjustly enriched thereby in that they have obtained a monetary benefit to which they are not entitled.

53. Based upon the aforesaid, Encore has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and all such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

54. Due to the deliberate, willful, malicious and extreme and/or outrageous conduct of the defendants, Encore is entitled to an award of punitive damages in an amount to be determined at trial, but in any event no less than $1,000,000.

### THIRD CLAIM FOR RELIEF
(Money Had and Received)

55. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

56. Upon information and belief defendants received the Funds to which Encore has an immediate and superior right of possession.

57. Upon information and belief the defendants benefited from the receipt of the Funds.

58. Under the relevant principles of law, equity and good conscience the defendants should not be permitted to retain the Funds.

59. Based upon the aforesaid, plaintiff has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and all such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

60. Due to the deliberate, willful, malicious and extreme and/or outrageous conduct of the defendants, Encore is entitled to an award of punitive damages in an amount to be determined at trial, but in no event less than $1,000,000.

### FOURTH CLAIM FOR RELIEF
(Negligence)

61. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

62. The defendants accepted the employment by Encore and agreed to represent Encore's interests in a proper, skillful and diligent manner and owed a duty to Encore to perform their duties in connection with the closing of the loans to Borrowers in a proper, skillful and diligent manner.

63. Defendants were negligent in performing their duties to Encore by failing to disburse the Funds in accordance with the closing instructions and retaining all or a portion of the Funds for their own use and benefit.

64. As a proximate result of the defendants' negligence, Encore has been damaged.

65. Based upon the aforesaid, Encore has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and all such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

### FIFTH CLAIM AGAINST FOR RELIEF
(Breach of Fiduciary Duty)

66. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

67. At all relevant times, defendants were acting as an agent of and on behalf of Encore in respect to the loan closings.

68. Defendants did not act in good faith or in the best interests of its principal Encore by disregarding and failing to follow the closing instructions and failing to properly disburse the Funds.

69. Defendants failed to act with undivided and unqualified loyalty to Encore and breached their fiduciary duties to Encore, and Encore has been damaged thereby.

70. Based upon the aforesaid, Encore has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and all such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

## SIXTH CLAIM FOR RELIEF
(Fraud)

71. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

72. Encore wired the Funds to the Settlement Trust Account for the purposes of funding the mortgage loans for each of the Borrowers.

73. Upon information and belief defendants fraudulently misrepresented to Encore that the Funds would be used to fund the Borrowers' mortgage loans.

74. Upon information and belief, defendants made this misrepresentation to Encore with the intent to deceive Encore.

75. Encore, with no knowledge to the contrary, believed and relied on the foregoing misrepresentation made by the Defendants to its detriment.

76. Based upon the aforesaid, Encore has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and all

such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

77. Due to the deliberate, willful, malicious and extreme and/or outrageous conduct of the defendants, Encore is entitled to an award of punitive damages in an amount to be determined at trial, but in any event no less than $1,000,000.

## SEVENTH CLAIM FOR RELIEF
(Fraud)

78. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

79. Upon information and belief, defendants entered into a conspiracy and scheme maliciously to defraud and deceive Encore and to procure for their own use and benefit all of Encore's rights in and to the Funds.

80. Upon information and belief, at all relevant times defendants represented to Encore that defendant Joseph LaMattina was affiliated with L&A and that the Funds would be used to fund the Borrowers' mortgage loans.

81. Upon information and belief defendants made such representation for the purpose of perpetuating a fraud on Encore so that Encore would engage L&A to facilitate closing of the Borrowers' loans and so that the defendants could procure the Funds for their own use and benefit, all to the detriment of Encore.

82. Encore, with no knowledge to the contrary, believed and relied upon all of the misrepresentations made by the defendants, to its detriment.

83. Upon information and belief, defendants received, accepted and retained the Funds and have deprived Encore and/or the Borrowers of their rights thereto.

12

84. Based upon the aforesaid, Encore has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $1,086,027.94 and all such other costs and expenses that have been incurred or will be incurred by Encore by reason thereof.

85. Due to the deliberate, willful, malicious and extreme and/or outrageous conduct of the defendants, Encore is entitled to an award of punitive damages in an amount to be determined at trial, but in any event no less than $1,000,000.

WHEREFORE, plaintiff ENCORE CREDIT CORP. d/b/a ECC ENCORE CREDIT, respectfully demands judgment against defendants JOSEPH LAMATTINA, LAMATTINA & ASSOCIATES, INC., JOSEPH W. LAFORTE, JAMES LAFORTE, JR., TINA LAFORTE, JAMES LAFORTE, TARA GIBSON, JAIME LYNN GULI, FRANCIS ALFIERI AND MICHAEL O'LEARY as follows:

(a) On the First Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(b) On the Second Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(c) On the Third Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(d) On the Fourth Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(e) On the Fifth Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(f) On the Sixth Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(g) On the Seventh Claim in an amount to be determined at trial, but believed to be in an amount not less than $1,086,027.94, plus interest thereon;

(h) On the First, Second, Third, Sixth and Seventh Claims, punitive damages as a result of the deliberate, willful, malicious, extreme and/or outrageous conduct of the defendants in an amount to be determined at trial but in any event in an amount not less than $1,000,000; and

(i) On all Claims, attorneys' fees, the costs and disbursements of this action and such other, further and different relief as this Court may deem just and proper.

Dated: Melville, New York
       November 15, 2005

                              LAMB & BARNOSKY, LLP
                              Attorneys for Plaintiff
                              534 Broad hollow Road
                              P.O. Box 9034
                              Melville, New York  11747-9034
                              (631) 694-2300
                              By: _____
                                   Michelle S. Feldman(MF-3029)