UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Encore Credit Corp. d/b/a
ECC Encore Credit,

                    Plaintiff,            CV-05-5442 (CPS)

     - against -                          MEMORANDUM OPINION
                                          AND ORDER
Joseph LaMattina, LaMattina &
Associates, Inc., Joseph W. Laforte,
James LaForte, Jr., Tina LaForte,
James LaForte, Tara Gibson,
Jaime Lynn Guli, Francis Alfieri
and Michael O'Leary,

                    Defendants.

----------------------------------------X

SIFTON, Senior Judge.

     Plaintiff Encore Credit Corp. d/b/a ECC Encore Credit

("Encore") commenced this action on November 18, 2005 against

defendants Joseph LaMattina ("LaMattina"), LaMattina &

Associates, Inc. ("LaMattina & Associates"), Joseph W. Laforte,

James LaForte, Jr., Tina LaForte, James LaForte, Tara Gibson,

Jaime Lynn Guli ("Guli"), Francis Alfieri and Michael O'Leary

(collectively, the "defendants") alleging claims for conversion,

unjust enrichment, money had and received, negligence, breach of

fiduciary duty, and fraud.  According to the complaint and

affidavits filed in support of this motion, in July and August

2005, Encore wired $1,086,027.94 to an account at Victory State

Bank maintained by LaMattina & Associates in its capacity as a

settlement agent in connection with three real estate

transactions.  However, defendants did not disburse the funds as instructed.  Encore alleges that it has been unable to communicate with the defendants, and that the defendants have or will dissipate and/or abscond with the money.  On November 18, 2005, plaintiff filed a motion for attachment pursuant to Rule 64 of the Federal Rules of Civil Procedure and § 6201(3) of the New York Civil Practice Law and Rules and for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure against all defendants.  At a hearing held on December 5, 2005, I granted the motion with respect to all defendants except for defendant Guli and granted defendant Guli additional time to respond to the motion.  Defendant Guli has now responded, and plaintiff Encore has filed a reply.

Presently before the Court is plaintiff Encore's motion for an order of attachment and preliminary injunction against defendant Guli.  For the reasons and upon the findings of fact and conclusions of law set forth below, plaintiff's motion is denied.

BACKGROUND

The following facts are taken from the complaint and plaintiff Encore and defendant Guli's submissions in connection with this motion.  The remaining defendants have failed to respond to the motion.

Plaintiff Encore is a licensed mortgage banker in the
business of making loans secured by real property.  Encore is a
California corporation with its principal place of business in
California.  Defendant Joseph LaMattina is an attorney licensed
in the state of New York, a resident of New York, and a
shareholder, officer or director of defendant LaMattina &
Associates or is otherwise affiliated with LaMattina and
Associates.  Defendant LaMattina & Associates is a law firm and a
corporation organized and existing under the laws of the state of
New York with its principal place of business in New York.  The
complaint alleges that the remaining defendants, Joseph W.
LaForte, James LaForte, Jr., Tina LaForte, James LaForte, Tara
Gibson, Jaime Lynn Guli, Francis Alfieri and Michael O'Leary, are
all individuals who reside in New York and, during all relevant
times, were shareholders, officers, employees, or agents of
LaMattina & Associates.  Ms. Guli is a representative of Key Land
Services, Inc. ("Key Land"), a title abstract company retained by
Encore in connection with the loans.

At all relevant times, defendants LaMattina and LaMattina &
Associates maintained a settlement trust account entitled
"LaMattina & Associates, Inc, Joseph LaMattina Settlement Trust
Account," (the "Settlement Trust Account") number 004-002648, at
Victory State Bank in Staten Island, New York.

In the ordinary course of business, if Encore approves a

loan application, a loan closing is scheduled.  Encore

typically retains outside counsel to represent Encore's interests

at the closing, at which time the loan documents, mortgage

documents, and other necessary documents are executed, and the

funds are disbursed according to instructions issued by Encore to

the closing attorney.  Upon confirmation of a closing and the

scheduled date of disbursement of the settlement funds, Encore

wires the funds to the closing attorney's trust account.

In July and August 2005, Encore approved the loan

applications of three borrowers: (1) Attilio Guarino, (2) Raul

Ivan Guzhambo, and (3) Wayne Smalls.  Encore retained defendants

Joseph LaMattina and LaMattina & Associates to represent Encore

at the closings.  The funds for the three closings, $1,086,027.94

in total, were wired to the Settlement Trust Account.  However,

the funds were not disbursed as set forth in the closing

instructions, and the location of the funds are currently unknown

to plaintiff.  Plaintiff alleges that the LaMattina defendants

have orchestrated similar thefts of funds from several other

lending institutions,[1] and that the individual defendants (other

---

[1]Three related cases – *First Continental Mortgage and Investment Corp. v. LaMattina & Associates, Inc. and Joseph LaMattina*, 05 CV 3901, *Accredited Home Lenders, Inc. v. LaMattina & Associates, Inc. et al*, 05 CV 4796, and *Credit Suisse First Boston Financial Corporation v. Lamattina & Associates, Inc. et al*, 05 CV 4350 – were filed in this Court.  In *First Continental Mortgage*, I issued a Temporary Restraining Order, and the parties stipulated to converting that into a preliminary injunction.  In *Credit Suisse First Boston Financial Corporation* (CSFBFC), I granted plaintiff's motion for an order of attachment and preliminary injunction; however, plaintiff has not yet submitted the proposed order.  I granted motions for default judgment against Lamattina & Associates in all three cases.

than Joseph LaMattina) have been arrested and criminally charged in connection with those transactions.

## DISCUSSION

### *Jurisdiction*

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy exceeds $75,000 and there is diversity between the parties.

### *Order of Attachment*

Plaintiff requests, pursuant to Rule 64 of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rule § 6201(3), an order of attachment against the assets of defendant Guli in an amount sufficient to ensure satisfaction of a judgment of $1,086,027.94.

Under Rule 64, attachment is available in the manner provided by the law of the state in which the district court is held. *See* Fed. R. Civ. P. 64. New York law requires that plaintiffs seeking attachment must show (1) that there is a cause of action, (2) that there is a probability of success on the merits, (3) that a ground for attachment listed in C.P.L.R. 6201 exists, and (4) that the amount demanded from defendant exceeds all counterclaims known to plaintiff. *See* N.Y.C.P.L.R. 6212(a).

Prejudgment attachment is a provisional remedy to secure a debt by preliminary levy upon the property of the debtor in order to conserve that property for eventual execution.

Because attachment is a harsh remedy, the statute must be strictly construed in favor of those against whom it may be applied. *See Michaels Elec. Supply Corp. v. Trott Elec. Inc.*, 231 A.D.2d 695, 647 N.Y.S.2d 839 (2d Dept. 1996); *P.T. Wanderer Assoc., Inc. v. Talcott Communications, Corp.*, 111 A.D.2d 55, 489 N.Y.S.2d 179 (1st Dept. 1985). Moreover, the granting of prejudgment attachments is discretionary, "'and even when the statutory requisites are met, the order may be denied.'" *Elliott Assoc., L.P. v. Republic of Peru*, 948 F.Supp. 1203, 1211 (S.D.N.Y.1996), *quoting Filmtrucks, Inc. v. Earls*, 635 F.Supp. 1158, 1162 (S.D.N.Y.1986).

**Cause of Action, Likelihood of Success on Merits, and Amount of Counterclaims**

I need not determine at this time whether plaintiff has established a cause of action against defendant Guli, whether plaintiff has a likelihood of success on the merits, and whether the amount demanded from defendant exceeds all counterclaims known to plaintiff because, for the reasons set forth below, I find that plaintiff has not established grounds for attachment.

**Grounds for Attachment**

To establish the relevant grounds for attachment in this case, plaintiff (a) must be seeking a money judgment, and (b) must show that defendant, with intent to defraud creditors or frustrate enforcement of a judgment that might be rendered in

plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts. *See* N.Y.C.P.L.R. 6201. Plaintiff in this case is seeking a money judgment.

To establish the second ground for attachment, plaintiff must prove two elements: (1) that defendant either is about to or has assigned, disposed of, encumbered, or secreted property, or removed it from the state; and (2) that defendant has acted or will act with the intent to defraud her creditors or to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor. *See Bank Leumi Trust Co. of New York v. Istim, Inc.*, 892 F.Supp. 478, 482 (S.D.N.Y.1995).

"[R]emoval, assignment or other disposition of property is not a sufficient ground for attachment; fraudulent intent must be proven, not simply alleged or inferred, and the facts relied upon to prove it must be fully set forth in the moving affidavits." *Abacus Federal Sav. Bank v. Lim*, 8 A.D.3d 12, 778 N.Y.S.2d 145 (1st Dept. 2004). "Fraud is not lightly inferred, and the moving papers must contain evidentiary facts as opposed to conclusions proving the fraud." *See Anderson v. Malley*, 191 App.Div. 573, 181 N.Y.S. 729 (1st Dept. 1920). Affidavits containing allegations raising a mere suspicion of an intent to defraud are insufficient. *Rosenthal v. Rochester Button Co.*, 148 A.D.2d 375, 539 N.Y.S.2d 11 (1st Dept. 1989). It must appear that such

fraudulent intent really exists in the defendant's mind. *Eaton Factors Co. v. Double Eagle Corp.*, 17 A.D.2d 135, 232 N.Y.S.2d 901 (1st Dept. 1962).

In the present case, plaintiff has not met its burden of proving that defendant Guli had or has fraudulent intent. In fact, as defendant Guli argues in her response to the motion, other than alleging that all of the individual defendants (including defendant Guli) during all relevant times, were shareholders, officers, employees, or agents of LaMattina & Associates (which she denies) and that the individual defendants (including defendant Guli) were criminally charged and arrested in relation to similar transactions with other lending institutions, plaintiff's moving papers allege facts specific to defendant Guli in only one paragraph. Paragraph 12 of the declaration in support of plaintiff's motion of Alanna Darling ("Darling"), Director of Legal Services for Encore states:

> The title abstract company that was retained by or on behalf of Encore to prepare title reports and obtain policies of title insurance for each of the loans was Key Land Services, Inc., ("Key Land"). In August, 2005, a representative of Encore spoke with defendant Jaime Lynn Guli. Ms. Guli held herself out as a representative of Key Land. She advised Encore, among other things, the Key Land was aware of the problems with these loan closings. Guli stated that L&A had been in business for 40 years and that Key Land had done business with L&A for several years and never had any problems. In truth, Key Land has only been in business since May 20, 2004 and L&A has only been in business since March 19, 2004.

Defendant Guli states that in fact she is an officer of Keyland
Title Insurance Company, and that she has no interest in L&A.
She notes that Darling's declaration does not state that the
representations made by Guli caused Encore to do anything and
that the conversation between Guli and Encore occurred after L&A
had already absconded with the funds.  Further, defendant Guli
notes that plaintiff has not set forth any facts that indicate
that Guli has assigned, disposed of, encumbered or secreted
property, or removed it from the state or is about to do any of
these acts.

Plaintiff responds by arguing, "[n]othing set forth in
[defendant's response] is sufficient to overcome Encore's right
to an order of attachment and the preliminary injunctive relief
that is the subject of the motion before this Court."  However,
there is no presumptive right to an order of attachment or
preliminary injunction, and it is not the defendant's burden to
overcome any such presumption.  To the contrary, it is
plaintiff's burden to establish that the requirements for
obtaining an order of attachment are met and, as discussed above,
even if plaintiff meets its burden, the order may be denied at
the Court's discretion.

Plaintiff relies almost exclusively on a Felony Complaint
against the individual defendants, including defendant Guli, for
acts that are "strikingly similar" to those complained of by

Encore.  However, proof that a defendant committed the underlying
unlawful act is not, by itself, sufficient to establish a ground
for attachment.  *Executive House Realty v. Hagen*, 108 Misc.2d
986, 988, 438 N.Y.S.2d 174 (N.Y.Sup.1981) ("[d]emonstrating a
cause of action for conversion is not a sufficient ground for
attachment").  The Felony Complaint does not allege, much less
establish, that defendant Guli will or has assigned, disposed of,
encumbered, or secreted property, or removed it from the state
with intent to defraud Encore or to frustrate a judgment in this
case, a showing of which is required in order to obtain an order
of attachment.

Accordingly, plaintiff's motion for attachment is denied.[2]

*Preliminary Injunction*

Plaintiff also moves for a preliminary injunction pursuant
to Rule 65 of the Federal Rules of Civil Procedure, enjoining
defendant Guli from, directly or indirectly, transferring,
selling, alienating, concealing, converting, liquidating, or

---

[2]Plaintiff also seeks, pursuant to Rule 64 and N.Y.C.P.L.R. §6220 an order
requiring defendant Guli to appear immediately and testify as to (1) "the location
and/or disposition of the monies improperly withdrawn from the Settlement Trust
Account or not used for their intended purpose;" and (2) "the nature, status and
actual location of [her] assets...and to bring with [her] to the deposition all
documents, books correspondence, records and tax returns maintained in connection
with the Funds and/or their assets...."

According to N.Y.C.P.L.R. §6220: "Upon motion of any interested person, at
any time after the granting of an order of attachment and prior to final judgment
in the action, upon such notice as the court may direct, the court may order
disclosure by any person of information regarding any property in which the
defendant has an interest, or any debts owing to the defendant."

Because I have denied plaintiff's motion for an order of attachment, this
motion is also denied.

otherwise dissipating any of her assets and/or property, wherever located, in an amount up to $1,086,027.94 pending resolution of this action.

A preliminary injunction is appropriate if the moving party demonstrates "(a) irreparable harm, and (b) either (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them fair grounds for litigation and a balance of hardships tipping decidedly in its favor." *Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 142 (2d Cir.1997).

The showing of irreparable harm is the "single most important prerequisite for the issuance of a preliminary injunction." *Bell & Howell v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir.1983). Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages. *See Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir.1989). A preliminary injunction may issue to preserve assets as security for a potential money judgment where the evidence demonstrates that a party intends to frustrate a judgment by making it uncollectible. *See Republic of the Philippines v. Marcos*, 806 F.2d 344, 356 (2d Cir.1986); *Signal Capital Corporation v. Frank*, 895 F.Supp. 62, 64 (S.D.N.Y.1995). Such a demonstration of intent to frustrate a judgment will satisfy the requirement of a

showing of irreparable harm.  *See In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2d Cir.1985); *Signal Capital*, 895 F.Supp. at 64.

As discussed above, plaintiff has not alleged any facts or provided any evidence that defendant Guli intends to frustrate a judgment in this case.  I need not determine whether plaintiff has a likelihood of success on the merits of her claims against defendant Guli, because plaintiff has not established irreparable harm, which is required to obtain a preliminary injunction.

Accordingly, plaintiff's application for a preliminary injunction is denied.

CONCLUSION

For the reasons stated above, plaintiff's motion for an order of attachment and preliminary injunction against defendant Guli is denied.

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge.


            SO ORDERED.

Dated :    Brooklyn, New York
           January 18, 2006


                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge